# In The United States Court of Federal Claims

No. 10-156L

(Filed: July 27, 2010)

_____

MCCLURG FAMILY FARM, LLC, et al,

        Plaintiffs,

   v.

THE UNITED STATES,

        Defendant.

_____

**ORDER**

_____

     Pending before the court are various stipulations through which the parties seek certification of this matter as a class action under RCFC 23.  For the reasons that follow, this court holds that this matter is properly so certified.

     This case involves a railroad corridor or right-of-way between milepost 215.4 west of Mackenzie Junction to milepost 252.3 west of Braaksma, in Dickinson and Osceola Counties, Iowa, a distance of approximately 36.9 miles (the Railroad Line).  On March 12, 2010, the named plaintiffs filed a complaint against the United States in this court for themselves and on behalf of a proposed group or "class" of similarly situated property owners.  The lawsuit alleges that the Surface Transportation Board (STB) issued a Notice of Interim Trail Use (NITU) concerning the Railroad Line that authorized the railroad company previously operating the line – formerly operated by the General Railway Corporation d/b/a Iowa Northwestern Railroad ("IANW") – to enter into a railbanking agreement with the Iowa Trails Council.  The lawsuit alleges that the STB's issuance of the NITU interfered with property interests recognized under Iowa law and, therefore, constitutes a taking of private property for public use pursuant to the Fifth Amendment to the United States Constitution.

     Class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."  *General Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)).  Rule 23 of the Rules of the Court of Federal Claims (RCFC), as amended through July 19, 2009, provides as follows regarding the certification of class actions:

>	**(a) Prerequisites**. One or more members of a class may sue as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
>
>	**(b) Class Actions Maintainable**. A class action may be maintained if RCFC 23(a) is satisfied and if: (1) [not used]**;** (2) the United States has acted or refused to act on grounds generally applicable to the class; and (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include: (A) the class members' interest in individually controlling the prosecution of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by class members; (C) [not used]; and (D) the likely difficulties in managing a class action.

As this court has noted, the requirements of RCFC 23(a) and (b) can be grouped into five categories: (i) **numerosity** – a class so large that joinder is impracticable; (ii) **commonality** – in terms of the presence of common questions of law or fact, the predominance of those questions, and the treatment received by the class members at the hands of the United States; (iii) **typicality** – that the named parties' claims are typic of the class; (iv) **adequacy** – relating to fair representation; and (v) **superiority** – that a class action is the fairest and most efficient way to resolve a given set of controversies.  *Barnes v. United States*, 68 Fed. Cl. 492, 494 (2005).  These requirements are in the conjunctive; hence, a failure to satisfy any one of them is fatal to class certification.  *See Testwuide v. United States*, 56 Fed. Cl. 755, 761 (2003); *see also Falcon*, 457 U.S. at 161 (making this observation as to the analogous Federal rule).[1]

	It remains to apply the requirements of RCFC 23 to the facts in this case.  Plaintiffs bear the burden of establishing that the action satisfies these requirements.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997); *Barnes*, 68 Fed. Cl. at 495.  In fact, the parties have stipulated that the requirements for class treatment are satisfied.  And, indeed, the court finds that the requirements of RCFC 23(a) and (b) are met here, *to wit*:  (i) the class here is potentially large

---

	[1] By way of guidance, the Committee Notes accompanying RCFC 23 indicate that, "[i]n the main," the rule adopts the criteria for certifying and maintaining a class action set forth in *Quinault Allottee Ass'n v. United States,* 453 F.2d 1272 (Ct. Cl. 1972).  However, to the extent that a direct conflict arises between *Quinault* and RCFC 23, RCFC 23 controls.  See RCFC 83(a), *see also Fauverque v. United States*, 86 Fed. Cl. 82, 96 n.13 (2009), *rev'd on other grounds sub nom*. *Bright v. United States*, 603 F.3d 1273 (Fed. Cir. 2010); *Barnes*, 68 Fed. Cl. at 495.

enough as to make joinder impracticable; (ii) there are obvious common questions of law or fact which predominate; (iii) the claims of the named parties appear to be typical of the class; (iv) there are no questions raised as to the adequacy of the representation of the class; and (v) every indication is that a class action is the fairest and most efficient way to resolve at least some of the issues in this dispute.  *See Fauverque*, 86 Fed. Cl. at 96-101 (making similar findings in an analogous setting).

Based upon the foregoing, as well as the parties' stipulation, the court hereby determines that this case may be maintained as a class action.  Per the parties' stipulation, the plaintiff class shall consist of the following persons:

> All persons who own an interest in lands constituting part of the railroad corridor or right-of-way on which a rail line was formerly operated by the General Railway Corporation d/b/a Iowa Northwestern Railroad in Dickinson and Osceola Counties, Iowa, and who claim a taking of their rights to possession, control, and enjoyment of such lands due to the operation of the railbanking provisions of the National Trails System Act (NTSA), 16 U.S.C. § 1247(d).  The segments of the subject right-of-way at issue are described as located between milepost 215.4 west of Mackenzie Junction to milepost 252.3 west of Braaksma, in Dickinson and Osceola Counties, Iowa, a distance of approximately 36.9 miles.  These segments were also the subject of a Notice of Interim Trail Use issued on October 24, 2008, by the Surface Transportation Board pursuant to the NTSA and its implementing regulations.  Excluded from this Class are the owners of land that abut segments of the subject right-of-way that the railroad acquired in fee simple; railroad companies and their successors in interest; persons who have filed, intervened, or choose to intervene or opt in to separate lawsuits against the United States for compensation for the same interests in land; and persons who are judges and justices of any court in which this action may be adjudicated or to which it may be appealed.

This class is certified for the purpose of determining whether the actions taken by the United States pursuant to the NTSA resulted in a taking of private property for which just compensation must be paid under the Fifth Amendment to the U.S. Constitution.

Counsel for the named plaintiffs, Thomas S. Stewart, Elizabeth McCulley, Brent Baldwin, Steven M. Wald, J. Robert Sears, and Laura Bettenhausen, all of the firm of Baker Sterchi Cowden & Rice, LLC, shall be appointed Class Counsel in this matter under RCFC 23(g).

**IT IS SO ORDERED.**

s/ Francis M. Allegra  
Francis M. Allegra  
Judge