# In the United States Court of Federal Claims

No. 10-156L

(Filed:  February 24, 2014)

_____

| | |
|---|---|
| MCCLURG FAMILY FARM, LLC, et al., for themselves and As Representatives of a Class of Similarly Situated Persons,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

Rails-to-trails case; Cross-motions for partial summary judgment; Ownership interests under Iowa law; Stipulation – application of *Burgess* and *Jenkins* to the parcels in this case; Railroad interests – easement versus fee; Burden of proof where original conveyance documents are missing; Application of Iowa Code § 327G-77 to railroad lines owned in fee; Questions of fact.

_____

## OPINION

_____

*Thomas Scott Stewart*, Baker Sterchi Cowden & Rice, Kansas City, MO, for plaintiffs.

*Frank James Singer*, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., with whom was Acting Assistant Attorney General *Robert G. Dreher*, for defendant.

**ALLEGRA, Judge:**

Plaintiffs, landowners in Iowa, allege that their property was taken as a result of defendant's actions under the National Trails System Act (the Trails Act), 16 U.S.C. §§ 1241-51. The court certified the class on July 27, 2010.  Pending are cross-motions for partial summary judgment regarding defendant's liability as to the 360 parcels at issue.  For the reasons that follow, the court renders a split decision, concluding, as a matter of law, that defendant is liable with respect to some of these parcels and not as to others.  For still other parcels, the court determines that the existence of genuine issues of material fact precludes a ruling as to liability. The court's determinations are summarized in the appendix that follows this opinion.

## I.    BACKGROUND

A brief recitation of the underlying facts sets the context for this decision.

The class of plaintiffs in this case owns real estate that assertedly underlies or adjoins a 36.9 mile railroad corridor that runs through Dickinson and Osceola Counties, Iowa (the Railroad Line). The Railroad Line was originally created by the Iowa Northwestern Railroad (INW), which established the corridor through a combination of various forms of conveyance and transfer.

On September 5, 2008, INW filed a petition for an abandonment exemption with the Surface Transportation Board (STB),[1] seeking permission to abandon the Railroad Line, specifically a segment between milepost 215.4, west of Mackenzie Junction, to milepost 252.3, west of Braaksma, located in Dickenson and Osceola Counties. On October 3, 2008, the Iowa Trails Council filed a Request for Issuance of a Public Use Condition and Notice of Interim Trail Use. On October 24, 2008, the STB issued a Notice of Interim Trail Use (NITU)[2] relating to the Railroad Line identified above. Following several extensions of the negotiating period, on or about August 31, 2009, INW and the Iowa Natural Heritage Foundation (the Foundation), on behalf of the Dickinson County Trails Board and the Osceola County Conservation Board, reached an agreement to purchase the Railroad Line from INW for interim trail use and railbanking pursuant to section 8(d) of the Trails Act. By letter dated October 19, 2009, the Foundation notified the STB of this agreement.

On March 12, 2010, plaintiffs filed their complaint in this court seeking just compensation under the Fifth Amendment for property they claim was taken when the STB issued the NITU pursuant to the Trails Act. As mentioned, on July 27, 2010, the court certified a

---

[1] The STB has exclusive authority over all the nation's rail lines. *See Chi. & N.W. Transp. Co. v. Kalo Brick & Tile Co.*, 450 U.S. 311, 321 (1981). A railroad cannot terminate rail service on a particular line without first getting the STB's consent. *See Barclay v. United States*, 443 F.3d 1368, 1371 (Fed. Cir. 2006), *cert. denied*, 549 U.S. 1209 (2007).

[2] There are three ways to terminate rail service. First, a railroad can apply to the STB for permission to discontinue service. *See* 49 U.S.C. § 10903(d)(2). Second, a railroad can ask the STB for permission to abandon the rail line through a proceeding. *See id.* at § 10903(d)(1). Finally, under the Trails Act, a railroad can terminate service through a process known as "railbanking." Under the railbanking process, the railroad must first file an abandonment application under 49 U.S.C. § 10903, or a Notice of Exemption from that process under 49 U.S.C. § 10502. Thereafter, a third party may ask the STB to issue a NITU so that the former railway can be used for interim trail use. The interim trail is subject to the "possible future reconstruction and reactivation of the right-of-way for rail service." 49 C.F.R. § 1152.29(a)(1)-(3). The NITU gives the railroad 180 days in which to negotiate an interim trail use agreement with the third-party trail sponsor. *Id.* at § 1152.29(d)(1). If an agreement is reached, then the trail sponsor manages the right-of-way, subject to a possible future restoration of rail service; if an agreement is not reached, the railroad may exercise its authority to abandon the line. *Id.* at §§ 1152.29(d)(1) and (e)(2).

class that eventually grew to include 360 individual parcels and 279 individuals or entities.  On August 23, 2010, plaintiffs filed a first amended complaint; on March 21, 2011, they filed a second amended complaint.

As discovery progressed, the parties generated and exchanged a series of claims books, a process designed to isolate the documents and arguments associated with given parcels and to identify the need for additional discovery.  Through this process, plaintiffs agreed to dismiss voluntarily their claims as to 19 parcels, leaving 341 parcels.  On June 30, 2011, plaintiffs filed a motion for partial summary judgment as to 150 of these parcels, for which they claimed defendant had no *bona fide* objection to liability.  Before oral argument on that motion, plaintiffs filed a motion to compel seeking to require defendant to stipulate to the ownership and adjacency to the Railroad Line of 188 parcels.  In an effort to get a single motion covering all the parcels, on March 16, 2012, the court conducted a status conference, at which the parties agreed to cancel the argument scheduled on plaintiffs' motion for partial summary judgment and to take positions with respect to all of the parcels at issue.

After the parties exchanged additional documents, plaintiffs filed, on September 13, 2012, a supplemental motion for partial summary judgment on liability.  On October 12, 2012, defendant filed a cross-motion for partial summary judgment.  In the midst of the briefing of that motion, the undersigned decided *Burgess v. United States*, 109 Fed. Cl. 223 (2013), which dealt with the issuance of a NITU under the Trails Act with respect to another rail line in Iowa.  On March 7, 2013, the court issued an order setting argument on May 23, 2013, on the parties' supplemental cross-motions for partial summary judgment.  Three days before that argument, on May 20, 2013, the parties filed a stipulation in which they agreed, for purposes of the court's ruling on the pending cross-motions, to have the treatment of certain parcels be governed by *Burgess* and *Jenkins v. United States*, 102 Fed. Cl. 598 (2011).  Unable to determine which parcels were still at issue, the court cancelled the oral argument and ordered the parties to file charts setting forth their positions as to each of the parcels at issue in the case.  Those charts have been since been filed, revealing 58 different parcels on which the parties still dispute liability.  Oral argument on the parcels still covered by the cross-motions for partial summary judgment is deemed unnecessary.[3]

## II.    DISCUSSION

We begin with common ground.  Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter

---

[3]  On December 19, 2013, plaintiffs filed a motion seeking a status conference and trial, seemingly complaining about the delay encountered in this case.  On December 20, 2013, that motion was denied.  While case management of this case could have been better, it should not be overlooked that a significant portion of the delay encountered in this case came from the shifting fashion in which the parties developed their positions as to many of the hundreds of parcels at issue.

of law.  *See* RCFC 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Disputes over facts that are not outcome-determinative will not preclude the entry of summary judgment. *Id.* at 248.  However, summary judgment will not be granted if "the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party."  *Id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Becho, Inc. v. United States*, 47 Fed. Cl. 595, 599 (2000).

When making a summary judgment determination, the court is not to weigh the evidence, but to "determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249; *see also Agosto v. Immigration & Naturalization Serv.*, 436 U.S. 748, 756 (1978) ("a [trial] court generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented"); *Am. Ins. Co. v. United States*, 62 Fed. Cl. 151, 154 (2004).  The court must determine whether the evidence presents a disagreement sufficient to require fact finding, or, conversely, is "so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 250-52; *see also Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) ("'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'"  (quoting *Matsushita*, 475 U.S. at 587)).  Where there is a genuine dispute, all facts must be construed, and all inferences drawn from the evidence must be viewed, in the light most favorable to the party opposing the motion.  *Matsushita*, 475 U.S. at 587-88 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also Stovall v. United States*, 94 Fed. Cl. 336, 344 (2010); *L.P. Consulting Grp., Inc. v. United States*, 66 Fed. Cl. 238, 240 (2005).  Where, as here, a court considers cross-motions for (partial) summary judgment, it must view each motion, separately, through this prism.[4]

## A.   Ownership Interest

It is now settled law that a Fifth Amendment takings occurs when defendant, through issuance of a NITU, destroys state-defined property rights.  *See Ladd v. United States*, 630 F.3d 1015, 1019 (Fed. Cir. 2010); *Rasmuson v. United States*, 109 Fed. Cl. 267, 272 (2013).  In the context of cases such as these, takings can arise variously – for example, where the NITU interferes with the landowner's right to reversion of an unencumbered fee or prevents the landowner of property adjoining a rail line from augmenting his property under state law.  *See Ladd*, 630 F.3d at 1019; *Burgess*, 109 Fed. Cl. at 235-36.

In *Preseault v. United States*, 100 F.3d 1525, 1533 (Fed. Cir. 1996) (en banc), the Federal Circuit held that a threshold issue in rails-to-trails cases is who owned the land involved, with particular focus on whether the railroad in question acquired only an easement or instead

---

[4]   *See Chevron U.S.A. Inc. v. Mobil Producing Tex. & N.M.*, 281 F.3d 1249, 1252-53 (Fed. Cir. 2002); *see also Estate of Hevia v. Portrio Corp.*, 602 F.3d 34, 40 (1st Cir. 2010); *Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co., Inc.*, 598 F.3d 257, 264 (6th Cir. 2010); *Stovall*, 94 Fed. Cl. at 344; *Northrop Grumman Computing Sys., Inc. v. United States*, 93 Fed. Cl. 144, 148 (2010).

obtained fee simple title to the corridor. "Clearly, if the Railroad obtained fee simple title to the land over which it was to operate, and that title inures, as it would, to its successors," the court observed, a plaintiff "would have no right or interest in those parcels and could have no claim related to those parcels for a taking." *Id.*; *see also Sutton v. United States*, 107 Fed. Cl. 436, 438 (2012). The Federal Circuit went on to explain that if an easement is found, the court must then determine whether it was subject to limitations, particularly, one "limited to use for railroad purposes." *Preseault*, 100 F.3d at 1533; *see also Ladd*, 630 F.3d at 1019; *Ellamae Phillips Co. v. United States*, 564 F.3d 1367, 1373 (Fed. Cir. 2009). Iowa law adds a wrinkle to this property inquiry, as it confers additional rights on the owners of property adjoining a railroad upon the extinguishment of a railroad easement. *See Rasmuson*, 109 Fed. Cl. at 272 n.7; *Burgess*, 109 Fed. Cl. at 229.

As to many of the parcels at issue, the parties focus on the same deeds and/or conveyance documents. Questions involving the interpretation of these documents must be resolved by reference to state law, in this case, that of Iowa. *See Preseault v. I.C.C.*, 494 U.S. 1, 16 (1990); *Rhutasel v. United States*, 105 Fed. Cl. 220, 225 (2012); *see also Douglas R. Bigelow Trust v. United States*, 107 Fed. Cl. 490, 493 (2012). Under Iowa law, deeds are interpreted according to the ordinary rules of contract construction. *See Wiegmann v. Baier*, 203 N.W. 2d 204, 208 (Iowa 1972); *Maxwell v. McCall*, 124 N.W. 760 (Iowa 1910); *Jackson v. Benson*, 7 N.W. 97 (Iowa 1880); *see also Douglas R. Bigelow Trust*, 107 Fed. Cl. at 493; *Sutton*, 107 Fed. Cl. at 440. As to a number of the parcels at issue, both parties agree that there are no questions of fact and that deciding how these deeds should be construed presents a question of law, suitable for resolution under the cross-motions.[5] *See Steele's Lessee v. Spencer*, 26 U.S. 552, 560 (1828); *Douglas R. Bigelow Trust*, 107 Fed. Cl. at 493; *Sutton*, 107 Fed. Cl. at 439-40. As to other parcels, however,

---

[5] In *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996), the Federal Circuit explained the law on this point thusly:

> The interpretation of a contract or a deed, like a patent, is ultimately a question of law. There is nothing novel about the principle that, in the words of Justice Story, "the interpretation of written documents properly belongs to the Court, and not to the jury." *William & James Brown & Co. v. McGran*, 39 U.S. (14 Pet.) 479, 493 (1840). This principle has been routinely evoked in the context of contract law. *See Levy v. Gadsby*, 7 U.S. (3 Cranch) 180, 186 (1805) ("the construction of a written evidence is exclusively with the court"); *Goddard v. Foster*, 84 U.S. (17 Wall.) 123, 142 (1872) ("[I]t is well-settled law that written instruments are always to be construed by the court . . . ."); *see also Meredith v. Picket*, 22 U.S. (9 Wheat.) 573, 575 (1824) (interpreting a deed, "[t]he Judges must construe the words of an entry, or any other title paper, according to their own opinion of the words as they are found in the instrument itself").

*Id.* at 997 (string citations omitted); *see also Chevy Chase Land Co. of Montgomery Cnty., Md. v. United States*, 158 F.3d 574, 575 (Fed. Cir. 1998).

the parties have raised a host of questions of fact that, as will be seen, precludes this court from resolving, for now, the claims regarding those parcels.

For ease and clarity of decision, the court has grouped the parcels into seven categories, each raising the same or similar issues.[6]   The court will address each of these categories in turn.

### 1.    Parcels for Which Plaintiffs Concede There is No Liability.

| Claimant Name | Claim | Source |
|---|---|---|
| Christian Reformed Church c/o Larry Post | 15.A & 15.B | 5-353 |
| Tom & Le Ann Ransom | 33.B & 33.C | 5-495 |
| Mark S. & Carol Coleman | 67 | H-216, H-163 |
| Martin & Melinda Marten | 91 | F-384 |
| Albert Bartley | 92 | F-384 |
| Scott Trigg & Nancy J. Johnson | 94 | |
| Michael K. De Jong | 100 | F-406 |
| Maye M. Swanson | 101 | F-406 |
| Dan M. & Lori D. Lewis | 110 | |
| George W. Garloff | 155.B & 155.C | H-321, H-239 |
| Great Lakes Cooperative | 156.A - 156.H | |
| Robert Sr. & Robert Jr. Kirschbaum | 157.A & 157.B | |
| E. L. Ballou | 158.A & 158.B | |
| Robert L. Browning | 159.A - 159.D | |
| H. & V. Thompson Farms LTD | 160 | |
| Lonnie S. Browning | 161.A & 161.B | |

Based on their review of the relevant conveyance documents and deeds (and for some of the parcels, there were no such documents), plaintiffs concede that there is no liability for the 32 parcels listed in the chart above.

### 2.    Parcels Whose Treatment is Controlled, for Purposes of this Decision, by either *Burgess v. United States* or *Jenkins v. United States*.

This court has issued several opinions in other Trails Act cases involving rail corridors in Iowa.  *See Burgess*, 109 Fed. Cl. 223; *Jenkins*, 102 Fed. Cl. 598; *Jenkins v. United States*, 2012 WL 10205284 (Fed. Cl. Dec. 21, 2012).  On May 20, 2013, the parties stipulated to be bound tentatively by these decisions as they relate to certain parcels at issue in this case, reserving, *inter*

---

[6]   In several instances, the parcels in these categories will be identified in a chart that lists the name(s) of the claimant(s), as well as the claim identifier that the parties have assigned to the claim in their class index. The charts also identify the source document(s) that relate to the claim, using the record number employed in the Dickenson and Osceola County, Iowa, recorder offices. For instance, a conveyance located at "M-565" is recorded at Book M, page 565, or one at "53 345" is recorded at Book 53, page 345.  These same conventions are used in the appendix that follows this opinion.

*alia*, the right to appeal *Burgess, Jenkins* or any decision reached here.[7]  The following segments reflect the parties' agreement.

### a.  Parcels governed by the court's ruling in *Burgess*, 109 Fed. Cl. at 229-31, that certain deeded easements were limited to railroad purposes and, therefore, subject to Iowa Code § 327G.76.

| Claimant Name | Claim | Source |
|---|---|---|
| The Estate of Theodore Pranger; Loreen J. Bruxvoort; John W. Pranger Life Estate | 4.D | 5-471 |
| Robert & Sylvia A. Rolfes | 8.A - 8.C | 5-353 |
| Clear Lake Stock Farms, Inc. | 10.A & 10.B | 5-394 |
| Sonstegard Family Farms | 11.A - 11.C | 5-406, 5-471, & 5-495 |
| Earl Faber | 12.A - 12.C | 5-469, 5-471 |
| Marlin & Mary Laverman | 14.A - 14.C | 5-374 |
| Lawrence W. & Vonna R. Leckband | 16.A | 5-340 |
| Lawrence W. Leckband | 16.B – 16.D | 5-340 |
| Mark and Verna Salzman | 17 | 5-340 |
| James Hesebeck | 18 | 5-340, 5-480 |
| Cooperative Elevator Association of Ocheyedan | 19.A | 5-340, 5-480 |
| Cooperative Elevator Association of Ocheyedan | 19.B - 19.D | 5-519, 5-515 & 5-402 |
| Randall W. Boeke | 20.B | 5-519 |
| Larry L. & Ruby E. Brunk | 21.C | 5-519 |
| Douglas D. & Danette K. Block | 22.A - 22.D | 5-353 |
| Alan Hart | 23.A, 23.D. – 23.G | 5-353, 5-376 |
| Helen Hart | 23.B & 23.C | 5-353 |
| Maurice D. & Barbara L. Block | 24.A & 24.B | 5-353 |
| Hans J. & Bernice Willadsen | 25.B & 25.C | 5-382 |
| Larry Bosma; Jerry & Marcella Bosma; Darlene Wassink; Arlene Van Beek; Ester Bosma; Presentation Sisters, Inc; Charles & Joyce Bosma; Leo Bosma; Pamela & Duane Van deHoef; Lucella Bosma; Frances B. Bosma Trust | 26.A & 26.B | 5-384, 5-412 |
| Merle L. & Sarah J. Pedley | 27.B | 5-388 |

---

[7] In this regard, the stipulation provided that:

In acknowledging [that] this Court's decision in *Burgess* (and Judge Firestone's decision in *Jenkins*) resolved some of the same issues that are presented in the parties' instant cross-motions, the parties do not waive, compromise, or otherwise limit their appellate rights with respect to those issues in either *Burgess, Jenkins*, or in this case.  Instead, the parties simply acknowledge that the rulings in *Burgess* and/or *Jenkins* apply to the issues identified . . . .

| | | |
|---|---|---|
| Travaille Family Farms Inc. | 28.A & 28.B | 5-380, 5-388 |
| Dale L. Peters | 31.C | 3-390 |
| J&M Partnership LLP | 33.D | 5-402 |
| Gerald R. & Joan C. Vander Muelen | 37.A & 37.B | 5-406 |
| Randy E. Clark; Linda Kunzman; Barbra A. Cambilargui & Lori M. Clark-Cotterman | 38.A - 38.E | H-564, H-560 |
| Clifford L. Nebelsick | 39.A - 39.C | H-560 |
| Frederick Goodno; Scott W. Goodno; Stacy Wiese; Justin & Shawna Goodno | 40.A - 40.D | H-560, H-555 |
| Jared Herbert Andrew Herbert Revocable Trust & The Mary Julianne Spencer-Herbert Revocable Trust | 41.F - 41.H | H-191 |
| Steven A. & Jennifer L. Krummen; Stewart A. Krummen; Craig S. Krummen & Royce Krummen | 42.E | H-191 |
| Randall J. Johnson | 43.C | H-191 |
| Arco Dehydrating Co. Inc. | 44.B - 44.D | H-191 |
| Gregory L. Baloun | 45.A - 45.D | H-191 |
| Gregory L. Baloun & Wes McClure | 45.E | H-135 |
| Allen and Mary J. Arnold | 46 | H-135 |
| William Steven & Dianne Kathleen Jansen | 47 | H-135 |
| Lake Park Development Corp. | 48 | H-135 |
| Bradley T. & Francel L. Graham | 49.A - 49.C | H-135 |
| Krummen Farms LP | 50.A - 50.E | H-135 |
| Robert Allen | 51.A - 51.C | H-162 |
| Harold R. Hartmann Trust | 52.A & 52.B | H-162 |
| Harold R. Hartmann Trust | 52.C | H-218, H-222 |
| Timothy S. Hoerichs & Ann L. Hoerichs Family Trust | 57.A & 57.B | H-161 |
| David B. Olson | 58 | H-161 |
| Jon Gunderson | 63.B | H-289 |
| Cohrs Construction, Inc. | 66 | H-289 |
| Evelyn McClurg & McClurg Family Farm, LLC | 68.A - 68.C | H-288 |
| Paul J. & Diane L. Kollasch | 69 | H-288 |
| Jerry Edward Miller | 70.A & 70.B | H-288 |
| Gwendolyn Vetter | 71.A - 71.E | H-288, H-177 & H-193 |
| Janet Bergman Revocable Trust | 72 | H-194 |
| Terry L. & Cheryl L. Bruns | 73 | H-194 |
| Don B. & Barbara F. Erlandson | 74 | H-194 |
| Raymond A. & Darlene Gustafson | 75.A & 75.B | H-194 |
| Scott & Mary Lynn Ingvall | 76 | H-194 |
| Richard L. & Kathy S. Kleen | 77.A | H-194 |
| Todd Krieger | 78.A & 78.B | H-194 |
| Kathleen M. Krueger | 79.A - 79.C | H-194 |
| Dennis A. & Marilyn K. Ladwig | 80.A & 80.B | H-194 |
| G. Wallis Reed Trust | 81 | H-194 |
| Roger F. Reppert Revocable Trust | 82 | H-194 |
| Arthur J. Thompson & Jill N. McDowell | 83.B | H-194 |
| Ferrellgas Inc. | 84 | H-194 |

| | | |
|---|---|---|
| Jack L. & Beverly J. Longmore | 85.A & 85.B | F-402 |
| Craig F. & Ellen M. Moffitt | 86 | H-194 |
| Richard A. & Karla J. Heinrichs | 95.A - 95.C | F-384 |
| Ronald D. Claussen Revocable Trust | 96.A & 96.B | F-384 |
| Brian A. & Carol A. Woods | 99 | F-384 |
| Robert W. Thorbrogger | 116 | F-403, F-413 |
| Janice M. Schultz | 117 | F-403, F-413 |
| Frigate LLC | 118.A & 118.B | F-403, F-413 |
| David S. & Darlene I. Shaw | 119.A & 119.B | F-403, F-413 |
| Keith L. & Susan L. Ostrum | 121 | H-313 |
| Mark A. & Kristine L. Hoss | 122 | F-403, F-413 |
| Reed L. Potter | 123 | F-403, F-413 |
| James E. & Pamela A. Feld | 124 | H-313 |
| Thomas L. Hoffman | 125 | H-313 |
| Linda S. Taylor | 126 | H-313 |
| Dennis D. & Anita Dean | 127.A & 127.B | H-313 |
| Scott V. & Jolene C. Egertson | 128 | H-313 |
| Gregory A. & Connie J. Tolan | 129 | H-313 |
| Michael T. & Rhonda F. Reekers | 130 | H-313 |
| Beverly Jean Steinberger | 131 | H-313 |
| Arthur C & Roxa L. Cummings | 132 | H-313 |
| Kathleen M. Drysdale | 133 | H-313 |
| Kimberly K. Durst | 134 | H-313 |
| Gary & Tom Kuhlman, Kathy Jo Swalve, Sally Ann Lundberg & Phoebe Hersom | 135 | H-313 |
| Duane H. Serck | 136 | F-417 |
| Clint T. & Lindsay R. Robinson | 137 | H-164 |
| William J. & Carleen C. Lambert | 138.A & 138.B | H-164, F-420 |
| Joyce Overocker | 139.A - 139.D | F-412, F-411 & F-419 |
| Rohn K. Shepley | 140 | F-412 |
| Lavonne Esther Hansen | 141.A & 141.B | F-411 |
| Margerite Butcher Revocable Trust | 142.A - 142.D | F-420, F-404, & F-416 |
| Margaret Hill Northey | 143.A & 143.B | F-415 |
| Douglas A. & Nancy N. Pringnitz | 144.A & 144.B | F-415 |
| Steven J. & Julie A. Ingvall | 153 | H-194 |
| Jerry Moore | 154 | H-313 |
| George W. Garloff | 155.A | H-135 |

In *Burgess*, a number of the "right-of-way" deeds indicated that the property owner granted the railroad "the right of way for their railroad," going on to describe the conveyance as "[a] strip of land for that purpose one hundred feet wide across." Construing these deeds, the undersigned concluded that the language therein conveyed to the railroad only an easement for railroad purposes. *Burgess*, 109 Fed. Cl. at 226, 230. Citing, *inter alia*, Iowa Code §§ 327G-76-77,[8] the court concluded that "[i]f the easements in question were not unrestricted, but instead

---

[8] For the years in question, Iowa Code § 327G-76 provided:

limited for railroad purposes only, they were extinguished upon abandonment of the rail line." *Burgess*, 109 Fed. Cl. at 231.  In addition, to the extent that these properties adjoined the Rail Line, for purposes of Iowa Code § 327G.76, the easements in question extinguished due to non-use before the NITU was issued, making defendant liable for a takings.  *See Burgess*, 109 Fed. Cl. at 229.

With the limitations discussed above, the parties agree that this ruling in *Burgess* applies to the 180 properties listed in the chart above.[9]

---

Railroad property rights which are extinguished upon cessation of service by the railroad divest when the department of transportation or the railroad, having obtained authority to abandon the rail line, removes the track materials to the right-of-way.  If the department of transportation does not acquire the line and the railway company does not remove the track materials, the property rights which are extinguished upon cessation of service by the railroad divest one year after the railway obtains the final authorization necessary from the proper authority to remove the track materials.

For the years in question, Iowa Code § 327G.77(1) provided, in pertinent part, that "[i]f a railroad easement is extinguished under section 327G.76, the property shall pass to the owners of the adjacent property at the time of abandonment.  If there are different owners on either side, each owner will take to the center of the right-of-way."  *See also Burlington Northern R.R. Co. v. Kmezich*, 48 F.3d 1047, 1049-50 (8th Cir. 1995) (discussing these provisions); *Macerich Real Estate Co. v. City of Ames*, 433 N.W. 2d 726, 729 (Iowa 1988); *Burgess*, 109 Fed. Cl. at 229.

[9]  A few notes regarding the parcels in this category are in order.  While the parties have not included parcel 31.C in the stipulation, based on a review of the source documents for that parcel, the court concludes that this parcel was an easement for railroad purposes.  Several of the parcels in group 2(a), (specifically parcels 18, 44.B, 52.C, 139.A and 139.B) had two segments – one owned in fee by the Railroad, the other a deeded easement.  The stipulation covers only the latter of these segments.  However, for the reasons stated below, *see* discussion regarding category 4, *infra*, the court concludes that the segment of the trail that the Railroad owned in fee did not pass to the adjoining property owner under Iowa Code § 327G.76.  In addition, defendant has expressed caveats and reservations with respect to certain parcels in this group.  For example, defendant asserts in the stipulation that the width of parcels 19.A and 154 are not 100 feet; however, insofar as the court can see, defendant provides no support for these assertions in any of its filings, and the court determines that these points are waived.  The court also rejects defendant's claim that a portion of parcel 20.B does not adjoin the Rail Line, as it appears that the parcel is undivided and does adjoin that line.  In addition, defendant correctly contends that parcels 38.A through 38.E are subject to a life estate in Allen E. Clark, who is not a party to this action.  Likewise, defendant is correct that parcels 26.A and 26.B are partially owned by individuals who are not parties to this suit.

**b.  Parcels governed by the court's ruling in *Burgess*, 109 Fed. Cl. at 238-40, that 16 U.S.C. § 1247(d) imposes an easement for interim trail use and for future reactivation of rail service.**

| Claimant Name | Claim | Source |
|---|---|---|
| Dale W. and Danna S. Braaksma | 1.A & 1.B | 3-402 |
| The Estate of Theodore Pranger, Loreen J. Bruxvoort; John W. Pranger | 4.A - 4.C | 3-419, 13-287 |
| Wayne D. & Esther Moet | 5.A - 5.C | 3-417 |
| Juliana Garret & Judson Te Paske | 6.A - 6.E | 5-353 |
| M. Rock Marco & Dan Hartwig | 7.A - 7.C | 5-353 |
| Sonstegard Family Farms | 11.H, 11.J & 11.L | 3-388, 3-384, H-555 |
| Mary Swalve; Janice Neilsen; Debra Swalve; Roger Swalve; Norman Swalve; Dwaine Swalve; Allen Swalve; Karen Swalve | 13.A &13.B | 3-400 |
| Cooperative Elevator Association of Ocheyedan | 19.E | 3-388 |
| Merle L. & Sarah J. Pedley | 27.C | 5-394 |
| Eugene C. Schmidt | 29 | 3-394 |
| Wilfred & Ellen Bosma | 30.A - 30.D | 3-394, 3-392 |
| Dale L. Peters | 31.A & 31.B | 3-392 |
| J&M Partnership LLP | 33.E & 33.F | 3-388 |
| Ardyce Rueter | 35.A & 35.B | 3-384, 3-386 |
| Jared Andrew Herbert Revocable Trust & The Mary Julianne Spencer-Herbert Revocable Trust | 41.A - 41.E | H-555, H-565, H-557 |
| Steven A. & Jennifer L. Krummen; Stewart A. Krummen; Craig S. Krummen & Royce Krummen | 42.A - 42.D | H-565, H-557 |
| Randall J. Johnson | 43.A & 43.B | H-557 |
| Arco Dehydrating Co. Inc. | 44.F & 44.G | H-239 |
| Harold R. Hartmann Trust | 52.D & 52.E | H-221, H-220 |
| James H. & Mary C. Watts | 53 | H-231, H-233 |
| Randall & Russell Eckard | 54.A & 54.B | H-231, H-233 |
| Donald C. McHose, Richard R. McHose & Elwin Pearey | 55.A - 55.D | H-231, H-233, H-229 |
| Estate of Ester Gath | 56.A - 56.C | H-231, H-233, H-229 |
| Harlen M. Mitchell Revocable Trust & Lennace E. Mitchell Revocable Trust | 60.A & 60.B | H-226 |
| Orr Family Farm Company LLC | 61 | H-224 |
| Sunny Joan Fronk Revocable Trust | 62 | H-224 |
| Furman Realty | 64 | H-224 |
| Donald R. & Phyllis Lago | 65.A[10] - 65.C | H-218, H-220, |

---

[10]  Parcel 65.A is listed as "partially" falling under this category within the stipulation. Like parcels 18, 44.B, 52.C, and 139.A-B, this parcel has two segments—one owned in fee and

|  |  | H-221, H-222 |
|---|---|---|
| Underwood Family Trust | 115.B & 115.C | H-74 |
| William J. & Carleen C. Lambert | 138.C | F-404 |
| Robert Turpin, Mary Seylar, James L. Turpin Family Trust | 145.A & 145.B | H-74 |
| Robert & Peggy Turpin | 145.C | H-74 |
| Arnold Cook Trust | 146.A & 146.B | H-76 |
| Monte R. & Chet H. Hartung and Kristyn S. Shafrath | 147.A - 147.D | H-76 |
| Giese Family Farms, Inc. | 148 | H-77 |
| Irel D. and June R. Bruns | 149 | H-77 |
| James C. & Susan M. Wendelsdorf | 150.A | H-77 |
| Jon & Deborah Brekke | 151.A & 151.B | H-77 |
| Wireless Network Management Inc. | 152 | H-77 |

It is less than obvious to which part of *Burgess* this prong of the parties' stipulation relates. A review of the cited portion of *Burgess* reveals that there are no specific references therein to 16 U.S.C. § 1247(d). The cited provision, entitled "Interim use of railroad rights-of-way," provides, in pertinent part, that –

> Consistent with the purposes of th[e Trails] Act, and in furtherance of the national policy to preserve established railroad rights-of-way for future reactivation of rail service, to protect rail transportation corridors, and to encourage energy efficient transportation use, in the case of interim use of any established railroad rights-of-way pursuant to donation, transfer, lease, sale, or otherwise in a manner consistent with this chapter, if such interim use is subject to restoration or reconstruction for railroad purposes, such interim use shall not be treated, for purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes.

16 U.S.C. § 1247(d). In *Carolina Plating Works, Inc. v. United States*, 102 Fed. Cl. 555, 560 (2011), this court discussed this provision in concluding that "[i]n the Rails-to-Trails Act, Congress provided that conversions to trail use that were subject to reactivation of rail service on the route did not constitute abandonment." In *Burgess*, defendant suggested that the activity authorized by the Trails Act (which includes section 1247(d)) and the NITUs was within the scope of the permissible uses for easements dedicated to railroad purposes. The court rejected this claim, concluding that neither the creation of a public recreational trail nor the railbanking of the property for potential future use could be considered an act in furtherance of a railroad purpose. *Burgess*, 109 Fed. Cl. at 239-40; *see also West Chelsea Bldgs., LLC v. United States*, 109 Fed. Cl. 5, 26 (2013); *Jenkins*, 102 Fed. Cl. at 609.

The court believes that the parties' stipulation refers to the ruling in *Burgess* in which the court refused to conclude that the activity authorized by the Trails Act came within the scope of

---

the other a deeded easement. It is the easement that is covered by the stipulation; the fee portion did not pass to the adjoining property owner under Iowa Code § 327G.76.

easements restricted to railroad use.  Accordingly, it would appear that under the stipulation, defendant agrees (with all the caveats discussed above) that the 85 parcels in this category will be ones for which liability for a takings should be imposed.[11]

### c. Parcels governed by this court's ruling in *Burgess*, 109 Fed. Cl. at 232-36, that subsequent deeds for a depot merged with prior easement deeds for the right-of-way.

| Claimant Name | Claim | Source |
|---|---|---|
| Allendorf Wind Farm Inc. | 2.A & 2.B | 3-402, 3-419, 13-287 |
| Farmers Cooper Elevator Company of Allendorf | 3 | 3-402, 13-286 |
| Sonstegard Family Farms | 11.E - 11.G | 5-495 |
| Randall W. Boeke | 20.A | 5-519 |
| Tom & Le Ann Ransom | 32.B - 32.D | 5-495 |
| J&M Partnership LLP | 33.A | 5-424 |
| Scott Reuter Revocable Trust | 36.A & 36.B | 5-495 |
| Jon & Tim Gunderson | 63.A | H-224 |
| Deja Blues Diner | 87 | F-402 |
| BV Buildings, LLC | 88.A & 88.B | F-402 |
| Neil & Katie Slater | 98 | F-402 |

In *Burgess*, this court held that under Iowa law, the acquisition by a grantee of a fee interest in the same property in which it previously held an easement extinguishes the easement, leaving only a fee.  *See* 109 Fed. Cl. at 234 (citing cases).  The court held that this rule applied to a variety of properties that had been sold and conveyed to the railroad for building a depot, finding that "when the railroad obtained a fee interest in portions of the parcels in question any prior easement it possessed in the same property ceased to exist and, more importantly, no longer limited the use of the property."  *Id*.; *see also Jenkins*, 2012 WL 10205284, at *5-6.

With the caveats highlighted above, the parties agree that this ruling in *Burgess* applies to the 18 properties listed in the chart above.[12]

---

[11]  Defendant argues as to six parcels in this category (6.A, 6.B, 6.C, 6.D, 6.E and 23.C) that plaintiffs have failed to account for all of the ownership interests associated with these parcels.  In one of its briefs, however, defendant indicated that it did "not object to ownership because it appears that the omitted owners are closely related to the claimants."  (Supplement to United States' Cross-Motion for Summary Judgment & United States' Response to Plaintiffs' Supplement to Motion for Partial Summary Judgment, p. 15 n.3).  Relying upon the latter statement, the court rejects defendant's caveats as to these six parcels.  Defendant also contests the ownership of Parcel 4.C at the time the NITU was issued.  Having reviewed plaintiffs' response to these objections, the court finds that defendant's objections are not well-taken.

**d.  Parcels governed by the ruling in *Jenkins*, 102 Fed. Cl. 598 (2011), that a municipality or county which becomes the trail operator is a successor to the railroad and not a proper party.**

| Claimant Name | Claim | Source |
|---|---|---|
| Osceola County Courthouse | 9.A - 9.E & 9.K | 5-353, 5-394, 5-406, 5-495 |
| Osceola County Conservation Board | 9.F - 9.I | 5-471 |
| Osceola County | 9.J | 5-519 |

This portion of the parties' stipulation mistakenly refers to Judge Firestone's 2011 opinion in *Jenkins*.  In fact, the principle referenced in the stipulation appears in a later opinion in the same case, *Jenkins v. United States*, 2012 WL 10205284 (Fed. Cl. Dec. 21, 2012).  In that 2012 opinion, Judge Firestone held that the City of Dallas Center was a successor-in-interest to the Union Pacific and excluded from the class defined by the court.  *Id*. at *7-8.  Like the definition of the class in *Jenkins*, the class here is defined to exclude "railroad companies and their successors-in-interest."  Hence, the parties' stipulation gives effect to this class definition in excluding the eleven properties listed in the chart above.

**3.      Parcels that Adjoin Segments of the Rail Corridor Which the Railroad Allegedly Owned in Fee, But For Which the Original Conveyance Documents Are Missing.**

| Claimant Name | Claim | Source |
|---|---|---|
| Sonstegard Family Farms | 11.D | 3-114 |
| Sonstegard Family Farms | 11.I & 11.K | |
| Tom & Le Ann Ransom | 32.A | H-313 |

As to the four parcels listed above, plaintiffs argue that defendant has not established that the Railroad owned the adjoining corridor in fee.  As to some of these parcels, plaintiffs note that the deeds provided by defendant are not evidence of the original source conveyance, but merely reflect a later transfer of the parcels from one railroad to another, albeit in fee.  Because there is no documentation of the original source conveyance, plaintiffs contend, the railroad only acquired an easement by prescription, which easement must be presumed to be for railroad purposes only.  Defendant argues that these parcels are controlled by this court's earlier decision in *Burgess*.  There, this court rejected the notion that, under Iowa law, a railroad cannot obtain and own corridors in fee.  *Burgess*, 109 Fed. Cl. at 231-32; *see also Lowers v. United States*, 663

---

[12]  For the reasons stated, in the court's view, the cited ruling in *Burgess* also applies to parcel 3.

N.W. 2d 408, 411 (Iowa 2003).[13]  To the extent that plaintiffs may be viewed as reiterating this argument, the court adheres to its prior ruling.

*Burgess*, however, did not address whether a railroad should be viewed as acquiring an easement limited to railroad purposes or a fee, where the original conveyance documents are missing.  Under Iowa law, the answer to this question may depend upon whether there is other evidence bearing on the question.  If no conveyance documents can be found, the Iowa courts have held that the railroad company is presumed to hold a prescriptive easement by adverse possession.  *See Collins Trust v. Allamakee Cnty. Bd. of Sup'rs of Allamakee Cnty.*, 599 N.W. 2d 460 (Iowa 1999); *Drake v. Chicago, R.I. & P.R. Co.*, 19 N.W. 215, 217 (Iowa 1884).  But, these cases are distinguishable as they apply only where there is no deed – quitclaim or otherwise – upon which to predicate, at least in part, a fee title claim.  *See Jenkins*, 2012 WL 10205284, at *6.  The result appears to be different if there is such evidence, as was true in *Louisa Cnty. Conservation Bd. v. Malone*, 778 N.W. 2d 204 (Iowa Ct. App. 2009).  In *Louisa County*, the court held that the county established fee title by adverse possession because, even though the original conveyance documents could not be produced, the county had a quitclaim deed to the property that appeared valid on its face.  778 N.W. 2d at 207; *see also Jenkins*, 2012 WL 10205284, at *6.  Such is the case here, rendering decisions like *Collins Trust* inapplicable.  *See Jenkins*, 2012 WL 10205284, at *6 (distinguishing *Louisa County* on this basis).  Plaintiffs have provided no basis – statutory or otherwise – for this court to apply a different rule here.

To be sure, plaintiffs cite *Nichols v. City of Evansdale*, 687 N.W. 2d 562 (Iowa 2004), for the proposition that it is the law "everywhere[] that a railroad merely obtains a prescriptive easement for railroad purposes if no original source conveyance exists."  But *Nichols* did not involve a railroad, but rather a sewer main that was not reserved in a deed the city gave to a private party.  687 N.W. 2d at  565-66.  The Iowa Supreme Court held that the city did not perfect a prescriptive easement because ten years had not passed since the city deeded the land in question to the private party.  *Id*. at 568.  Nothing in *Nichols* suggests that absent a source document indicating otherwise, this court (or any other) must presume that a railroad obtained merely a prescriptive easement.  The burden remains on plaintiffs to prove their case.

Accordingly, the court concludes that the parcels in this category represent ones in which the railroad owned a fee simple interest.

---

[13]  In *Rasmuson*, 109 Fed. Cl. at 275, this court likewise concluded that "[t]he condemnation statute did not bar the railroad's right to acquire greater interests in land than otherwise authorized through condemnation," adding that "[n]othing in Iowa law provides that a deed granting a fee interest to a railroad for a negotiated sum should be construed in accordance with anything but the intent of the parties as expressed in plain terms."

**4.** **Parcels that Adjoin Segments of the Rail Corridor Which the Railroad Allegedly Owned in Fee, Where the Deed or Other Conveyance Documents Are Available.**

As to three parcels (44.E, 114 and 150.B), which were once owned by the Railroad in fee, plaintiffs argue that Iowa Code § 327G-77(1), conferring property interests to the owners of property adjoining an abandoned rail line, applies. However, by its terms, this provision applies only to "a railroad easement is extinguished under section 327G.76." As this language indicates, this provision does not apply where the rail corridor is owned in fee. *See McKinley v. Waterloo R. Co.*, 368 N.W. 2d 131, 138 (Iowa 1985) ("This statute applies only to easements and land acquired by condemnation."); *Turner v. Unknown Claimants of Land in Section 4*, 207 N.W. 2d 544, 546 (Iowa 1973) ("reverter statute does not apply" where railroad "own[ed] the strip of land"); *see also Montgomery Cnty. v. Case*, 232 N.W. 150 (Iowa 1930). Accordingly, the reverter statute does not apply to the parcels listed above.[14]

**5.** **Parcels that Do Not Adjoin the Rail Corridor.**

| Claimant Name | Claim | Source |
|---|---|---|
| Richard L. & Kathy S. Kleen | 77.B | F-406 |
| American Legion Post #23 | 89 | H-297 |
| Robert Tatman | 90 | F-384 |
| Carol & Larry Rasmussen | 93 | F-384 |
| Dawn Shryock | 97 | F-384 |
| Rick B. & Phyllis M. Hartwig | 102 | F-406 |
| Brett Heaton | 103 | F-406 |
| Matthew L. & Dawn D. Zeman | 104 | F-406 |
| Michael E. & Richard H. Jensen | 105 | F-406 |
| Larry Gilbert Revocable Trust | 106 | F-406 |
| Gertrude M. Shipley | 107 | F-406 |
| Evelyn Larsen | 108 | F-406 |
| Raymond N. & Mary Lou John | 109 | F-406 |
| Jean J. & Joan J. McKnight | 111 | F-406 |
| Tanya A. Noble | 112 | F-406 |
| Sarah E. Page Verrips | 113 | F-406 |
| Underwood Family Trust | 115.A | F-410 |
| William A. & Carol J. Naviaux | 120 | F-403, F-413 |

As to the parcels in Spirit Lake, Iowa, listed above, defendant argues that one or more parcels owned by a third party, Dickinson County, separates the parcels from the rail corridor. Defendant bases that assertion on a quitclaim deed that Dickinson County obtained from Iowa Northwestern's predecessor-in-interest, Midwestern Railroad, in 1994. Plaintiffs argue that the

---

[14] The parties' briefs appear to agree that only a portion of parcel 150.B was owned in fee and is subject to this ruling; as to the remainder of that parcel, it is difficult to discern what the parties are arguing and the court defers its ruling.

1994 conveyance should be ignored because Midwestern possessed only an easement for railroad purposes and that Dickinson could acquire no greater rights from Midwestern than the railroad itself possessed.

A review of the relevant deeds does suggest that the interest originally possessed by the Midwestern Railroad was an easement for railroad purposes.[15]  At the very least, that position is strongly arguable.  However, the 1994 quitclaim deed, under which the Dickinson County Conservation Board obtained its interest in the properties, contained different language, conveying "all interest" in the affected parcels, including an "[i]ncorporated railroad right of way."  Contrary to plaintiffs' claims, this quitclaim deed does not appear to transfer only the right-of-way.  This is important, for defendant appears correct in arguing that if Dickinson County did not obtain a fee interest in the intervening parcel through the 1994 conveyance, it, nevertheless, acquired the same through adverse possession prior to the time the NITU was issued here.  Under Iowa law:

> [W]hen one who in good faith enters into possession of a tract of land under a deed conveying the same to him absolutely without exception or reservation, and continues in possession thereof for 10 years, all outstanding claims or interests in or to said tract are completely barred by the statute of limitations.

*Collins v. Reimers*, 165 N.W. 373, 375 (Iowa 1917).  For this doctrine to apply, there must be proof that the "possession" was "hostile, actual, open, exclusive and continuous" for the required ten-year period.  *C.H. Moore Trust Est. by Warner v. City of Storm Lake*, 423 N.W. 2d 13, 15 (Iowa 1988); *see also Garrett v. Huster*, 684 N.W. 2d 250, 253 (Iowa 2004).  Proof of these elements must be "clear and positive."  *C.H. Moore Trust Est.*, 423 N.W. 2d at 15.

Here, Dickinson County, relying on the 1994 quitclaim deed from Midwestern Railroad, openly constructed, maintained and used the parcels in question as a trail.  Every indication is that it thereby exercised "the type of possession or control owners ordinarily exercise in holding, managing and caring for property of like nature and condition."  *Burgess v. Leverett & Assocs.*, 105 N.W. 2d 703, 706 (Iowa 1960).  Evidence in the case indicates that the trail was in use by no later than July 1998, more than ten years before the NITU was issued in this case, and that adverse possession thus ripened into fee ownership prior to the issuance of the NITU.  An Iowa court reached an analogous holding in *Louisa County*, 778 N.W. 2d at 204.  There, a county conservation board filed a quiet title action seeking to be declared the absolute owner in fee simple of an abandoned railroad right-of-way based on a quitclaim deed.  Reversing a contrary trial court decision, the Iowa appellate court held that the board's predecessor-in-interest's use of a parcel as a nature trail triggered the adverse possession rules, shifting ownership to those

---

[15]  Twelve of the eighteen (parcels) were subject to deeds in which the property owners conveyed to the railroad a "Right-of-Way for [a described] railway," to be used "for the purposes of constructing a Railway thereon, and for all uses and purposes connected with the use of said Railway."

predecessors prior to the time the property was quit claimed. *Id.* at 207. The court of appeals held that the interest so acquired was then transferred by deed to the board. *Id*. at 209.

Based on the rules outlined in *Louisa County*, the court holds that Dickinson County, by relying on its 1994 deed and operating the corridor as a trail, acquired an interest in the intervening parcels via adverse possession prior to the time of the NITU here. Because Dickinson's actions were based upon a deed, its adverse use gave rise not merely to a prescriptive easement, but also to the acquisition of fee title to the property. *See Ravenwood, L.L.C v. Kevin Koethe, 8450/10, L.L.C.*, 808 N.W. 2d 754 (Iowa App. 2011) (table) (describing the difference between an easement obtained through prescription and adverse possession leading to acquisition of the title to the property).[16] This prevents the owners of the parcels in this category from claiming compensation as adjoining property holders.[17]

### 6.   Parcels for Which Plaintiffs are Unable to Produce Conveyance Documents or Other Documents Demonstrating Ownership.

As to the two parcels in this category (27.A and 83.A), plaintiffs have failed to produce any documents documenting the circumstances under which the railroad acquired use of the property. Plaintiffs argue that absent such documentation, the court must presume that the Railroad possessed only an easement for railroad purposes. Adoption of this argument, however, would turn the burden of proof in this case on its head.

The Federal Circuit has made amply clear that "[i]t is plaintiffs' burden to establish cognizable property interests for purposes of their takings . . . claims." *Klamath Irr. Dist. v. United States*, 635 F.3d 505, 519 n.12 (Fed. Cir. 2011); *see also Estate of Hage v. United States*, 687 F.3d 1281, 1291 (Fed. Cir. 2012); *Air Pegasus of D.C., Inc. v. United States*, 424 F.3d 1206, 1212 (Fed. Cir. 2005); *Cienega Gardens v. United States*, 331 F.3d 1319, 1328 (Fed. Cir. 2003).

---

[16] Because Dickinson County was relying on a deed, it did not need to meet the other requirements under Iowa law relating to easements by prescription. *See* Iowa Code § 564.1 (requiring a claimant to provide express notice to the owner of the servient estate).

[17] The court likewise finds that parcels that were separated from the rail corridor by 140th Street (34.A and 34.B) do not adjoin the rail corridor. Plaintiffs rely on *Adkins v. United States*, 2013 WL 951158 (Fed. Cl. 2013) for the proposition that the filing of a plat dedicating a road to an unincorporated village conveys only an easement to use the tract for public purposes. *Id*. at *4-5 (citing *Town of Kenwood Park v. Leonard*, 158 N.W. 655, 658 (Iowa 1916)). In *Steicklein*, however, the Iowa Supreme Court made clear that upon the incorporation of a city and its acceptance of the same dedication, the village streets "are held by the incorporated city in fee simple." *Steicklein*, 693 N.W. 2d 335, 339 (Iowa 2005); *see also Kelroy v. City of Clear Lake*, 5 N.W. 2d 12, 16 (Iowa 1942); *Inc. Town of Ackley v. Cent. States Elec. Co.*, 220 N.W. 315, 316 (Iowa 1928). The latter rule of law applies here and compels the court to conclude, as to this issue, that defendant is correct.

And this requirement plainly applies to rails-to-trails cases. *See Burgess*, 109 Fed. Cl. at 237; *Thomas v. United States*, 106 Fed. Cl. 467, 478 (2012); *Rhutasel*, 105 Fed. Cl. at 226-27. Moreover, nothing in Iowa law alters this proof requirement. *See Burgess*, 109 Fed. Cl. at 237; *Jenkins*, 102 Fed. Cl. at 604.

The affected plaintiffs have not met their burden of proof. In some instances, this is because they have produced nothing to support their ownership claim. In other instances, it is because the evidence produced merely suggests that a right-of-way was transferred, but does not prove whether such an interest was, in fact, conveyed, or if an easement was conveyed, whether that interest was unrestricted, subject only to railroad use, or subject to some other limitation. *See Burgess*, 109 Fed. Cl. at 237. Accordingly, as to these parcels, plaintiffs have failed to establish that they have a cognizable property interest, requiring that the claims relating to these parcels be dismissed.[18]

### 7.     Other Parcels for Which the Evidence is Disputed.

| Claimant Name | Claim | Source |
|---|---|---|
| Larry L. & Ruby E. Brunk | 21.A & 21.B | 5-519 |
| Hans J. & Bernice Willadsen | 25.A | 5-382 |
| Kay G. & Susan D. Blahauvietz | 34.A & 34.B | 3-384 |
| Arco Dehydrating Co., Inc. | 44.A | H-191 |
| Everett J. & Phyllis A. Johnson Revocable Trust | 59 | F-410 |

As to the seven parcels listed above, the parties make various conflicting factual arguments that rely, *inter alia*, on the chain of title and plat maps in the record. As to six of these parcels (all but parcel 59), the parties have provided conflicting evidence as to whether these parcels adjoin the rail corridor. Determining whether that is the case is, of course, critical under Iowa Code §§ 327G.76 and 77, which confer a statutory reversionary right to adjoining landowners triggered upon the extinguishment of a railroad easement. Primarily, these factual disputes focus on whether the parcel in question is separated from the rail corridor by property owned by a third party. In some instances, these disputes impact only a portion of the affected parcel, with the parties agreeing that the remainder of the parcel either does or does not adjoin the rail corridor. In the court's view, these disputes give rise to genuine issues of material fact that cannot be resolved under the pending motions, but must instead be resolved at trial. *See Burgess*, 109 Fed. Cl. at 238.

---

[18] Contrary to defendant's claims, the court believes that plaintiffs have provided sufficient documentation of ownership as to parcel 27.A. While plaintiffs are unable to provide a deed that perfectly matches the legal description of the subject property, that incongruity is explained by a 1959 affidavit of the county assessor. Defendant has not provided any evidence contradicting this affidavit. In the court's view, this means that plaintiffs are entitled to partial summary judgment as to liability for this parcel. *See* RCFC 56(c)(1); 56(d)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

*          *          *          *          *

A chart summarizing the court's conclusions regarding all 360 parcels may be found in Appendix A to this opinion.

## III.  CONCLUSION

This court need go no further.  Based on the foregoing, the court **GRANTS, in part**, and **DENIES, in part**, plaintiffs' supplemental motion for partial summary judgment, and **GRANTS, in part**, and **DENIES, in part,** defendant's cross-motion for summary judgment.  On or before March 14, 2014, the parties shall file a joint status report indicating how this case should proceed, with a proposed schedule, as appropriate.  The parties shall have at least one serious discussion regarding settlement before filing this report.

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra
Judge

# APPENDIX A

|  | Claimant Name | Claim | Source | Category |
|---|---|---|---|---|
| 1. | Dale W. and Danna S. Braaksma | 1.A | 3-402 | 2(b) |
| 2. | Dale W. & Danna S. Braaksma | 1.B | 3-402 | 2(b) |
| 3. | Allendorf Wind Farm Inc., c/o Irvin Clubine | 2.A | 3-402 | 2(c) |
| 4. | Allendorf Wind Farm Inc., c/o Irvin Clubine | 2.B | 3-419, 13-287 | 2(c) |
| 5. | Farmers Cooper Elevator Company of Allendorf | 3 | 3-402, 13-286 | 2(c) |
| 6. | The Estate of Theodore Pranger; Loreen J. Bruxvoort; John W. Pranger | 4.A | 3-419, 13-287 | 2(b) |
| 7. | The Estate of Theodore Pranger; Loreen J. Bruxvoort; John W. Pranger | 4.B | 3-419 | 2(b) |
| 8. | The Estate of Theodore Pranger; Loreen J. Bruxvoort; John W. Pranger | 4.C | 3-419 | 2(b) |
| 9. | The Estate of Theodore Pranger; Loreen J. Bruxvoort; John W. Pranger | 4.D | 5-471 | 2(a) |
| 10. | Wayne D. & Esther Moet | 5.A | 3-417 | 2(b) |
| 11. | Wayne D. & Esther Moet | 5.B | 3-417 | 2(b) |
| 12. | Wayne D. & Esther Moet | 5.C | 3-417 | 2(b) |
| 13. | Juliana Garret & Judson Te Paske | 6.A | 5-353 | 2(b) |
| 14. | Juliana Garret & Judson Te Paske | 6.B | 5-353 | 2(b) |
| 15. | Juliana Garret & Judson Te Paske | 6.C | 5-353 | 2(b) |
| 16. | Juliana Garret & Judson Te Paske | 6.D | 5-353 | 2(b) |
| 17. | Juliana Garret & Judson Te Paske | 6.E | 5-353 | 2(b) |
| 18. | M. Rock Marco & Dan Hartwig | 7.A | 5-353 | 2(b) |
| 19. | M. Rock Marco & Dan Hartwig | 7.B | 5-353 | 2(b) |
| 20. | M. Rock Marco & Dan Hartwig | 7.C | 5-353 | 2(b) |
| 21. | Robert & Sylvia A. Rolfes | 8.A | 5-353 | 2(a) |
| 22. | Robert & Sylvia A. Rolfes | 8.B | 5-353 | 2(a) |
| 23. | Robert & Sylvia A. Rolfes | 8.C | 5-353 | 2(a) |
| 24. | Osceola County Courthouse | 9.A | 5-353 | 2(d) |
| 25. | Osceola County Courthouse | 9.B | 5-353 | 2(d) |
| 26. | Osceola County Courthouse | 9.C | 5-394 | 2(d) |
| 27. | Osceola County Courthouse | 9.D | 5-394 | 2(d) |
| 28. | Osceola County Courthouse | 9.E | 5-406 | 2(d) |
| 29. | Osceola County Conservation Board | 9.F | 5-471 | 2(d) |
| 30. | Osceola County Conservation Board | 9.G | 5-471 | 2(d) |
| 31. | Osceola County Conservation Board | 9.H | 5-471 | 2(d) |
| 32. | Osceola County Conservation Board | 9.I | 5-471 | 2(d) |
| 33. | Osceola County | 9.J | 5-519 | 2(d) |
| 34. | Osceola County Courthouse | 9.K | 5-495 | 2(d) |
| 35. | Clear Lake Stock Farms, Inc., c/o John Dreeson | 10.A | 5-394 | 2(a) |
| 36. | Clear Lake Stock Farms, Inc., c/o John Dreeson | 10.B | 5-394 | 2(a) |
| 37. | Sonstegard Family Farms, c/o Phil Sonstegard | 11.A | 5-406 | 2(a) |
| 38. | Sonstegard Family Farms, IA General Partnership | 11.B | 5-406 | 2(a) |
| 39. | Sonstegard Family Farms, IA General Partnership | 11.C | 5-471 | 2(a) |
| 40. | Sonstegard Family Farms, IA General Partnership | 11.D | 3-114 | 3 |
| 41. | Sonstegard Family Farms, IA General Partnership | 11.E | 5-495 | 2(c) |
| 42. | Sonstegard Family Farms, IA General Partnership | 11.F | 5-495 | 2(c) |
| 43. | Sonstegard Family Farms, IA General Partnership | 11.G | 5-495 | 2(c) |
| 44. | Sonstegard Family Farms, IA General Partnership | 11.H | 3-388 | 2(b) |
| 45. | Sonstegard Family Farms, IA General Partnership | 11.I | | 3 |
| 46. | Sonstegard Family Farms, IA General Partnership | 11.J | 3-384 | 2(b) |
| 47. | Sonstegard Family Farms, c/o John Carlson, Sr. | 11.K | | 3 |
| 48. | Sonstegard Family Farms, c/o John Carlson, Sr. | 11.L | H-555 | 2(b) |
| 49. | Earl Faber | 12.A | 5-469 | 2(a) |
| 50. | Earl Faber | 12.B | 5-471 | 2(a) |

| | Claimant Name | Claim | Source | Category |
|---|---|---|---|---|
| 51. | Earl Faber | 12.C | 5-471 | 2(a) |
| 52. | Mary, Debra, Roger, Norman, Dwaine, Allen, & Karen Swalve; Janice Neilsen | 13.A | 3-400 | 2(b) |
| 53. | Mary, Debra, Roger, Norman, Dwaine, Allen, & Karen Swalve; Janice Neilsen | 13.B | 3-400 | 2(b) |
| 54. | Marlin & Mary Laverman | 14.A | 5-374 | 2(a) |
| 55. | Marlin & Mary Laverman | 14.B | 5-374 | 2(a) |
| 56. | Marlin & Mary Laverman | 14.C | 5-374 | 2(a) |
| 57. | Christian Reformed Church c/o Larry Post | 15.A | 5-353 | 1 |
| 58. | Christian Reformed Church c/o Larry Post | 15.B | 5-353 | 1 |
| 59. | Lawrence W. & Vonna R. Leckband | 16.A | 5-340 | 2(a) |
| 60. | Lawrence W. Leckband | 16.B | 5-340 | 2(a) |
| 61. | Lawrence W. Leckband | 16.C | 5-340 | 2(a) |
| 62. | Lawrence W. Lackband | 16.D | 5-340 | 2(a) |
| 63. | Mark and Verna Salzman | 17 | 5-340 | 2(a) |
| 64. | James Hesebeck | 18 | 5-340, 5-480 | 2(a) |
| 65. | Cooperative Elevator Association of Ocheyedan | 19.A | 5-340, 5-480 | 2(a) |
| 66. | Cooperative Elevator Association of Ocheyedan | 19.B | 5-519, 5-515 | 2(a) |
| 67. | Cooperative Elevator Association of Ocheyedan | 19.C | 5-519, 5-515 | 2(a) |
| 68. | Cooperative Elevator Association of Ocheyedan, c/o Robert Jacobs | 19.D | 5-402 | 2(a) |
| 69. | Cooperative Elevator Association of Ocheyedan | 19.E | 3-388 | 2(b) |
| 70. | Randall W. Boeke | 20.A | 5-519 | 2(c) |
| 71. | Randall W. Boeke | 20.B | 5-519 | 2(a) |
| 72. | Larry L. & Ruby E. Brunk | 21.A | 5-519 | 7 |
| 73 | Larry L. & Ruby E. Brunk | 21.B | 5-519 | 7 |
| 74. | Larry L. & Ruby E. Brunk | 21.C | 5-519 | 2(a) |
| 75. | Douglas D. & Danette K. Block | 22.A | 5-353 | 2(a) |
| 76. | Douglas D. & Danette K. Block | 22.B | 5-353 | 2(a) |
| 77. | Douglas D. & Danette K. Block | 22.C | 5-353 | 2(a) |
| 78. | Douglas D. & Danette K. Block | 22.D | 5-353 | 2(a) |
| 79. | Alan Hart | 23.A | 5-353 | 2(a) |
| 80. | Helen Hart | 23.B | 5-353 | 2(a) |
| 81. | Helen Hart | 23.C | 5-353 | 2(a) |
| 82. | Alan Hart | 23.D | 5-353 | 2(a) |
| 83. | Alan Hart | 23.E | 5-353 | 2(a) |
| 84. | Alan Hart | 23.F | 5-353 | 2(a) |
| 85. | Alan Hart | 23.G | 5-376 | 2(a) |
| 86. | Maurice D. & Barbara L. Block | 24.A | 5-353 | 2(a) |
| 87. | Maurice D. & Barbara L. Block | 24.B | 5-353 | 2(a) |
| 88. | Hans J. & Bernice Willadsen | 25.A | 5-382 | 7 |
| 89. | Hans J. & Bernice Willadsen | 25.B | 5-382 | 2(a) |
| 90. | Hans J. & Bernice Willadsen | 25.C | 5-382 | 2(a) |
| 91. | Larry Bosma; Jerry & Marcella Bosma; Darlene Wassink; Arlene Van Beek; Ester Bosma; Presentation Sisters, Inc; Charles & Joyce Bosma; Leo Bosma; Pamela & Duane Van deHoef; Lucella Bosma; Frances B. Bosma Trust | 26.A | 5-384 | 2(a) |
| 92. | Larry Bosma; Jerry & Marcella Bosma; Darlene Wassink; Arlene Van Beek; Ester Bosma; Presentation Sisters, Inc; Charles & Joyce Bosma; Leo Bosma; Pamela & Duane Van deHoef; Lucella Bosma; Frances B. Bosma Trust | 26.B | 5-412 | 2(a) |
| 93. | Merle L. & Sarah J. Pedley | 27.A | 5-380 | 6 |
| 94. | Merle L. & Sarah J. Pedley | 27.B | 5-388 | 2(a) |
| 95. | Merle L. & Sarah J. Pedley | 27.C | 5-394 | 2(b) |
| 96. | Travaille Family Farms Inc., c/o Robert Travaille, President | 28.A | 5-380 | 2(a) |
| 97. | Travaille Family Farms Inc., c/o Robert Travaille, President | 28.B | 5-388 | 2(a) |
| 98. | Eugene C. Schmidt | 29 | 3-394 | 2(b) |

| | Claimant Name | Claim | Source | Category |
|---|---|---|---|---|
| 99. | Wilfred & Ellen Bosma | 30.A | 3-394 | 2(b) |
| 100. | Wilfred & Ellen Bosma | 30.B | 3-392 | 2(b) |
| 101. | Wilfred & Ellen Bosma | 30.C | 3-392 | 2(b) |
| 102. | Wilfred & Ellen Bosma | 30.D | 3-392 | 2(b) |
| 103. | Dale L. Peters | 31.A | 3-392 | 2(b) |
| 104. | Dale L. Peters | 31.B | 3-392 | 2(b) |
| 105. | Dale L. Peters | 31.C | 3-390 | 2(a) |
| 106. | Tom & Le Ann Ransom | 32.A | H-313 | 3 |
| 107. | Tom & Le Ann Ransom | 32.B | 5-495 | 2(c) |
| 108. | Tom & Le Ann Ransom | 32.C | 5-495 | 2(c) |
| 109. | Tom & Le Ann Ransom | 32.D | 5-495 | 2(c) |
| 110. | J&M Partnership LLP, c/o Mark Bergman | 33.A | 5-424 | 2(c) |
| 111. | J&M Partnership LLP, c/o Mary Bergman | 33.B | 5-424 | 1 |
| 112. | J&M Partnership LLP, c/o Mary Bergman | 33.C | 5-424 | 1 |
| 113. | J&M Partnership LLP, c/o Mary Bergman | 33.D | 5-402 | 2(a) |
| 114. | J&M Partnership LLP, c/o Mary Bergman | 33.E | 3-388 | 2(b) |
| 115. | J&M Partnership LLP, c/o Mary Bergman | 33.F | 3-388 | 2(b) |
| 116. | Kay G. & Susan D. Blahauvietz | 34.A | 3-384 | 7 |
| 117. | Kay G. & Susan D. Blahauvietz | 34.B | 3-384 | 7 |
| 118. | Ardyce Rueter | 35.A | 3-384 | 2(b) |
| 119. | Ardyce Rueter | 35.B | 3-386 | 2(b) |
| 120. | Scott Rueter Revocable Trust | 36.A | 5-495 | 2(c) |
| 121. | Scott Rueter Revocable Trust | 36.B | 5-495 | 2(c) |
| 122. | Gerald R. & Joan C. Vander Muelen | 37.A | 5-406 | 2(a) |
| 123. | Gerald R. & Joan C. Vander Muelen | 37.B | 5-406 | 2(a) |
| 124. | Randy E. Clark; Linda Kunzman; Barbra A. Cambilargui & Lori M. Clark-Cotterman | 38.A | H-564 | 2(a) |
| 125. | Randy E. Clark; Linda Kunzman; Barbra A. Cambilargui & Lori M. Clark-Cotterman | 38.B | H-564 | 2(a) |
| 126. | Randy E. Clark; Linda Kunzman; Barbra A. Cambilargui & Lori M. Clark-Cotterman | 38.C | H-564 | 2(a) |
| 127. | Randy E. Clark; Linda Kunzman; Barbra A. Cambilargui & Lori M. Clark-Cotterman | 38.D | H-560 | 2(a) |
| 128. | Randy E. Clark; Linda Kunzman; Barbra A. Cambilargui & Lori M. Clark-Cotterman | 38.E | H-560 | 2(a) |
| 129. | Clifford L. Nebelsick | 39.A | H-560 | 2(a) |
| 130. | Clifford L. Nebelsick | 39.B | H-560 | 2(a) |
| 131. | Clifford L. Nebelsick | 39.C | H-560 | 2(a) |
| 132. | Frederick & Scott W. Goodno; Stacy Wiese; Justin & Shawna Goodno | 40.A | H-560 | 2(a) |
| 133. | Frederick & Scott W. Goodno; Stacy Wiese; Justin & Shawna Goodno | 40.B | H-560 | 2(a) |
| 134. | Frederick & Scott W. Goodno; Stacy Wiese; Justin & Shawna Goodno | 40.C | H-555 | 2(a) |
| 135. | Frederick & Scott W. Goodno; Stacy Wiese; Justin & Shawna Goodno | 40.D | H-555 | 2(a) |
| 136. | Jared Andrew Herbert Revocable Trust & The Mary Julianne Spencer-Herbert Revocable Trust | 41.A | H-555 | 2(b) |
| 137. | Jared Andrew Herbert Revocable Trust & The Mary Julianne Spencer-Herbert Revocable Trust | 41.B | H-565 | 2(b) |
| 138. | Jared Andrew Herbert Revocable Trust & The Mary Julianne Spencer-Herbert Revocable Trust | 41.C | H-565 | 2(b) |
| 139. | Jared Andrew Herbert Revocable Trust & The Mary Julianne Spencer-Herbert Revocable Trust | 41.D | H-557 | 2(b) |
| 140. | Jared Andrew Herbert Revocable Trust & The Mary Julianne Spencer-Herbert Revocable Trust | 41.E | H-557 | 2(b) |
| 141. | Jared Andrew Herbert Revocable Trust & The Mary Julianne Spencer-Herbert Revocable Trust | 41.F | H-191 | 2(a) |
| 142. | Jared Andrew Herbert Revocable Trust & The Mary Julianne Spencer-Herbert Revocable Trust | 41.G | H-191 | 2(a) |

| | Claimant Name | Claim | Source | Category |
|---|---|---|---|---|
| 143. | Jared Andrew Herbert Revocable Trust & The Mary Julianne Spencer-Herbert Revocable Trust | 41.H | H-191 | 2(a) |
| 144. | Steven A. & Jennifer L. Krummen; Stewart A. Krummen; Craig S. Krummen & Royce Krummen | 42.A | H-565 | 2(b) |
| 145. | Steven A. & Jennifer L. Krummen; Stewart A. Krummen; Craig S. Krummen & Royce Krummen | 42.B | H-565 | 2(b) |
| 146. | Steven A. & Jennifer L. Krummen; Stewart A. Krummen; Craig S. Krummen & Royce Krummen | 42.C | H-557 | 2(b) |
| 147. | Steven A. & Jennifer L. Krummen; Stewart A. Krummen; Craig S. Krummen & Royce Krummen | 42.D | H-557 | 2(b) |
| 148. | Steven A. & Jennifer L. Krummen; Stewart A. Krummen; Craig S. Krummen & Royce Krummen | 42.E | H-191 | 2(a) |
| 149. | Randall J. Johnson | 43.A | H-557 | 2(b) |
| 150. | Randall J. Johnson | 43.B | H-557 | 2(b) |
| 151. | Randall J. Johnson | 43.C | H-191 | 2(a) |
| 152. | Arco Dehydrating Co. Inc., c/o Steven Krummen, President | 44.A | H-191 | 7 |
| 153. | Arco Dehydrating Co. Inc., c/o Steven Krummen, President | 44.B | H-191 | 2(a) |
| 154. | Arco Dehydrating Co. Inc., c/o Steven Krummen, President | 44.C | H-191 | 2(a) |
| 155. | Arco Dehydrating Co. Inc., c/o Steven Krummen, President | 44.D | H-191 | 2(a) |
| 156. | Arco Dehydrating Co. Inc., c/o Steven Krummen, President | 44.E | H-191 | 4 |
| 157. | Arco Dehydrating Co. Inc., c/o Steven Krummen, President | 44.F | H-239 | 2(b) |
| 158. | Arco Dehydrating Co. Inc., c/o Steven Krummen, President | 44.G | H-239 | 2(b) |
| 159. | Gregory L. Baloun | 45.A | H-191 | 2(a) |
| 160. | Gregory L. Baloun | 45.B | H-191 | 2(a) |
| 161. | Gregory L. Baloun | 45.C | H-191 | 2(a) |
| 162. | Gregory L. Baloun | 45.D | H-191 | 2(a) |
| 163. | Gregory L. Baloun & Wes McClure | 45.E | H-135 | 2(a) |
| 164. | Allen and Mary J. Arnold | 46 | H-135 | 2(a) |
| 165. | William Steven & Dianne Kathleen Jansen | 47 | H-135 | 2(a) |
| 166. | Lake Park Development Corp. c/o Richard Packebush | 48 | H-135 | 2(a) |
| 167. | Bradley T. & Francel L. Graham | 49.A | H-135 | 2(a) |
| 168. | Bradley T. & Francel L. Graham | 49.B | H-135 | 2(a) |
| 169. | Bradley T. & Francel L. Graham | 49.C | H-135 | 2(a) |
| 170. | Krummen Farms LP, c/o Steven Krummen | 50.A | H-135 | 2(a) |
| 171. | Krummen Farms LP, c/o Steven Krummen | 50.B | H-135 | 2(a) |
| 172. | Krummen Farms LP, c/o Steven Krummen | 50.C | H-135 | 2(a) |
| 173. | Krummen Farms LP, c/o Steven Krummen | 50.D | H-135 | 2(a) |
| 174. | Krummen Farms LP, c/o Steven Krummen | 50.E | H-135 | 2(a) |
| 175. | Robert Allen | 51.A | H-162 | 2(a) |
| 176. | Robert Allen | 51.B | H-162 | 2(a) |
| 177. | Robert Allen | 51.C | H-162 | 2(a) |
| 178. | Harold R. Hartmann Trust, Darlene S. Hartmann, Trustee | 52.A | H-162 | 2(a) |
| 179. | Harold R. Hartmann Trust, Darlene S. Hartmann, Trustee | 52.B | H-162 | 2(a) |
| 180. | Harold R. Hartmann Trust, Darlene S. Hartmann, Trustee | 52.C | H-218, H-222 | 2(a) |
| 181. | Harold R. Hartmann Trust, Darlene S. Hartmann, Trustee | 52.D | H-221, H-220 | 2(b) |
| 182. | Harold R. Hartmann Trust, Darlene S. Hartmann, Trustee | 52.E | H-221, H-220 | 2(b) |
| 183. | James H. & Mary C. Watts | 53 | H-231, H-233 | 2(b) |
| 184. | Randall & Russell Eckard | 54.A | H-231, H-233 | 2(b) |
| 185. | Randall & Russell Eckard | 54.B | H-231, H-233 | 2(b) |
| 186. | Donald C. McHose, Richard R. McHose & Elwin Pearey | 55.A | H-231, H-233 | 2(b) |
| 187. | Donald C. McHose, Richard R. McHose & Elwin Pearey | 55.B | H-231, H-233, H-229 | 2(b) |
| 188. | Donald C. McHose, Richard R. McHose & Elwin Pearey | 55.C | H-231, H-233, H-229 | 2(b) |

| | Claimant Name | Claim | Source | Category |
|---|---|---|---|---|
| 189. | Donald C. McHose, Richard R. McHose & Elwin Pearey | 55.D | H-231, H-233, H-229 | 2(b) |
| 190. | Estate of Ester Gath | 56.A | H-231, H-233, H-229 | 2(b) |
| 191. | Estate of Ester Gath | 56.B | H-231, H-233, H-229 | 2(b) |
| 193. | Timothy S. Hoerichs & Ann L. Hoerichs Family Trust, Timothy & Ann Hoerichs, Trustees | 57.A | H-161 | 2(a) |
| 194. | Timothy S. Hoerichs & Ann L. Hoerichs Family Trust, Timothy & Ann Hoerichs, Trustees | 57.B | H-161 | 2(a) |
| 195. | David B. Olson | 58 | H-161 | 2(a) |
| 196. | Everett J. & Phyllis A. Johnson Revocable Trust | 59 | F-410 | 7 |
| 197. | Harlen M. Mitchell Revocable Trust & Lennace E. Mitchell Revocable Trust, c/o Scott Mitchell POA | 60.A | H-226 | 2(b) |
| 198. | Harlen M. Mitchell Revocable Trust & Lennace E. Mitchell Revocable Trust, c/o Scott Mitchell POA | 60.B | H-226 | 2(b) |
| 199. | Orr Family Farm Company LLC, c/o Julia Ceasar | 61 | H-224 | 2(b) |
| 200. | Sunny Joan Fronk Revocable Trust | 62 | H-224 | 2(b) |
| 201. | Jon & Tim Gunderson | 63.A | H-224 | 2(c) |
| 202. | Jon Gunderson | 63.B | H-289 | 2(a) |
| 203. | Furman Realty, c/o CJ Furman | 64 | H-224 | 2(b) |
| 204. | Donald R. & Phyllis Lago, c/o Douglas K. Lago POA | 65.A | H-222 | 2(b) |
| 205. | Donald R. & Phyllis Lago, c/o Douglas K. Lago POA | 65.B | H-220, H-221 | 2(b) |
| 206. | Donald R. & Phyllis Lago, c/o Douglas K. Lago POA | 65.C | H-220, H-221 | 2(b) |
| 207. | Cohrs Construction, Inc. | 66 | H-289 | 2(a) |
| 208. | Mark S. & Carol Coleman | 67 | H-216, H-163 | 1 |
| 209. | Evelyn McClurg & The McClurg Family Farm, LLC | 68.A | H-288 | 2(a) |
| 210. | Evelyn McClurg & The McClurg Family Farm, LLC | 68.B | H-288 | 2(a) |
| 211. | Evelyn McClurg & The McClurg Family Farm, LLC | 68.C | H-288 | 2(a) |
| 212. | Paul J. & Diane L. Kollasch | 69 | H-288 | 2(a) |
| 213. | Jerry Edward Miller | 70.A | H-288 | 2(a) |
| 214. | Jerry Edward Miller | 70.B | H-288 | 2(a) |
| 215. | Gwendolyn Vetter | 71.A | H-288 | 2(a) |
| 216. | Gwendolyn Vetter | 71.B | H-288 | 2(a) |
| 217. | Gwendolyn Vetter | 71.C | H-177 | 2(a) |
| 218. | Gwendolyn Vetter | 71.D | H-193 | 2(a) |
| 219. | Gwendolyn Vetter | 71.E | H-193 | 2(a) |
| 220. | Janet Bergman Revocable Trust, c/o Janet Bergman, Trustee | 72 | H-194 | 2(a) |
| 221. | Terry L. & Cheryl L. Bruns | 73 | H-194 | 2(a) |
| 222. | Don B. & Barbara F. Erlandson | 74 | H-194 | 2(a) |
| 223. | Raymond A. & Darlene Gustafson | 75.A | H-194 | 2(a) |
| 224. | Raymond A. & Darlene Gustafson | 75.B | H-194 | 2(a) |
| 225. | Scott & Mary Lynn Ingvall | 76 | H-194 | 2(a) |
| 226. | Richard L. & Kathy S. Kleen | 77.A | H-194 | 2(a) |
| 227. | Richard L. & Kathy S. Kleen | 77.B | F-406 | 5 |
| 228. | Todd Krieger | 78.A | H-194 | 2(a) |
| 229. | Todd Krieger | 78.B | H-194 | 2(a) |
| 230. | Kathleen M. Krueger | 79.A | H-194 | 2(a) |
| 231. | Kathleen M. Krueger | 79.B | H-194 | 2(a) |
| 232. | Kathleen M. Krueger | 79.C | H-194 | 2(a) |
| 233. | Dennis A. & Marilyn K. Ladwig | 80.A | H-194 | 2(a) |
| 234. | Dennis A. & Marilyn K. Ladwig | 80.B | H-194 | 2(a) |
| 235. | G. Wallis Reed Trust, G. Wallis Reed, Trustee | 81 | H-194 | 2(a) |
| 236. | Roger F. Reppert Revocable Trust, Roger F. Reppert, Trustee | 82 | H-194 | 2(a) |

|  | Claimant Name | Claim | Source | Category |
|---|---|---|---|---|
| 237. | Arthur J. Thompson & Jill N. McDowell | 83.A | H-194 | 6 |
| 238. | Arthur J. Thompson & Jill N. McDowell | 83.B | H-194 | 2(a) |
| 239. | Ferrellgas Inc. c/o Jason P. Cullen | 84 | H-194 | 2(a) |
| 240. | Jack L. & Beverly J. Longmore | 85.A | F-402 | 2(a) |
| 241. | Jack L. & Beverly J. Longmore | 85.B | F-402 | 2(a) |
| 242. | Craig F. & Ellen M. Moffitt | 86 | H-194 | 2(a) |
| 243. | Deja Blues Diner, LLC c/o Ivan Brown | 87 | F-402 | 2(c) |
| 244. | BV Buildings, LLC c/o John C. Brown | 88.A | F-402 | 2(c) |
| 245. | BV Buildings, LLC c/o John C. Brown | 88.B | F-402 | 2(c) |
| 246. | American Legion Post #23 c/o Denny L. Perry, Commander | 89 | H-297 | 5 |
| 247. | Robert Tatman | 90 | F-384 | 5 |
| 248. | Martin & Melinda Marten | 91 | F-384 | 1 |
| 249. | Albert Bartley | 92 | F-384 | 1 |
| 250. | Carol & Larry Rasmussen | 93 | F-384 | 5 |
| 251. | Scott Trigg & Nancy J. Johnson | 94 |  | 1 |
| 252. | Richard A. & Karla J. Heinrichs | 95.A | F-384 | 2(a) |
| 253. | Richard A. & Karla J. Heinrichs | 95.B | F-384 | 2(a) |
| 254. | Richard A. & Karla J. Heinrichs | 95.C | F-384 | 2(a) |
| 255. | Ronald D. Claussen Revocable Trust | 96.A | F-384 | 2(a) |
| 256. | Ronald D. Claussen Revocable Trust | 96.B | F-384 | 2(a) |
| 257. | Dawn Shryock | 97 | F-384 | 5 |
| 258. | Neil & Katie Slater | 98 | F-402 | 2(c) |
| 259. | Brian A. & Carol A. Woods | 99 | F-384 | 2(a) |
| 260. | Michael K. De Jong | 100 | F-406 | 1 |
| 261. | Maye M. Swanson | 101 | F-406 | 1 |
| 262. | Rick B. & Phyllis M. Hartwig | 102 | F-406 | 5 |
| 263. | Brett Heaton | 103 | F-406 | 5 |
| 264. | Matthew L. & Dawn D. Zeman | 104 | F-406 | 5 |
| 265. | Michael E. & Richard H. Jensen | 105 | F-406 | 5 |
| 266. | Larry Gilbert Revocable Trust, c/o Larry Gilbert and Chris & Angela Geinitz | 106 | F-406 | 5 |
| 267. | Gertrude M. Shipley | 107 | F-406 | 5 |
| 268. | Evelyn Larsen | 108 | F-406 | 5 |
| 269. | Raymond N. & Mary Lou John | 109 | F-406 | 5 |
| 270. | Dan M. & Lori D. Lewis | 110 |  | 1 |
| 271. | Jean J. & Joan J. McKnight | 111 | F-406 | 5 |
| 272. | Tanya A. Noble | 112 | F-406 | 5 |
| 273. | Sarah E. Page Verrips | 113 | F-406 | 5 |
| 274. | Mark & Karen Byers | 114 | F-410 | 4 |
| 275. | Underwood Family Trust, c/o Tom Underwood | 115.A | F-410 | 5 |
| 276. | Underwood Family Trust, c/o Tom Underwood | 115.B | H-74 | 2(b) |
| 277. | Underwood Family Trust, c/o Tom Underwood | 115.C | H-74 | 2(b) |
| 278. | Robert W. Thorbrogger | 116 | F-403, F-413 | 2(a) |
| 279. | Janice M. Schultz | 117 | F-403, F-413 | 2(a) |
| 280. | Frigate LLC, c/o Natalie Brenton | 118.A | F-403, F-413 | 2(a) |
| 281. | Frigate LLC, c/o Natalie Brenton | 118.B | F-403, F-413 | 2(a) |
| 282. | David S. & Darlene I. Shaw | 119.A | F-403, F-413 | 2(a) |
| 283. | David S. & Darlene I. Shaw | 119.B | F-403, F-413 | 2(a) |
| 284. | William A. & Carol J. Naviaux | 120 | F-403, F-413 | 5 |
| 285. | Keith L. & Susan L. Ostrum | 121 | H-313 | 2(a) |
| 286. | Mark A. & Kristine L. Hoss | 122 | F-403, F-413 | 2(a) |
| 287. | Reed L. Potter, Julie A. Bergquist, POA | 123 | F-403, F-413 | 2(a) |

| | Claimant Name | Claim | Source | Category |
|---|---|---|---|---|
| 288. | James E. & Pamela A. Feld | 124 | H-313 | 2(a) |
| 289. | Thomas L. Hoffman | 125 | H-313 | 2(a) |
| 290. | Linda S. Taylor | 126 | H-313 | 2(a) |
| 291. | Dennis D. & Anita Dean | 127.A | H-313 | 2(a) |
| 292. | Dennis D. & Anita Dean | 127.B | H-313 | 2(a) |
| 293. | Scott V. & Jolene C. Egertson | 128 | H-313 | 2(a) |
| 294. | Gregory A. & Connie J. Tolan | 129 | H-313 | 2(a) |
| 295. | Michael T. & Rhonda F. Reekers | 130 | H-313 | 2(a) |
| 296. | Beverly Jean Steinberger | 131 | H-313 | 2(a) |
| 297. | Arthur C & Roxa L. Cummings | 132 | H-313 | 2(a) |
| 298. | Kathleen M. Drysdale | 133 | H-313 | 2(a) |
| 299. | Kimberly K. Durst | 134 | H-313 | 2(a) |
| 300. | Gary & Tom Kuhlman, Kathy Jo Swalve, Sally Ann Lundberg & Phoebe Hersom | 135 | H-313 | 2(a) |
| 301. | Duane H. Serck | 136 | F-417, H-66 | 2(a) |
| 302. | Clint T. & Lindsay R. Robinson | 137 | H-164 | 2(a) |
| 303. | William J. & Carleen C. Lambert | 138.A | H-164 | 2(a) |
| 304. | William J. & Carleen C. Lambert | 138.B | F-420 | 2(a) |
| 305. | William J. & Carleen C. Lambert | 138.C | F-404 | 2(b) |
| 306. | Joyce Overocker | 139.A | F-412, F-419 | 2(a) |
| 307. | Joyce Overocker | 139.B | F-412, F-419 | 2(a) |
| 308. | Joyce Overocker | 139.C | F-412 | 2(a) |
| 309. | Joyce Overocker | 139.D | F-411 | 2(a) |
| 310. | Rohn K. Shepley | 140 | F-412 | 2(a) |
| 311. | Lavonne Esther Hansen | 141.A | F-411 | 2(a) |
| 312. | Lavonne Esther Hansen | 141.B | F-411 | 2(a) |
| 313. | Margerite Butcher Revocable Trust | 142.A | F-420 | 2(a) |
| 314. | Margerite Butcher Revocable Trust | 142.B | F-404 | 2(a) |
| 315. | Margerite Butcher Revocable Trust | 142.C | F-416 | 2(a) |
| 316. | Margerite Butcher Revocable Trust | 142.D | F-416 | 2(a) |
| 317. | Margaret Hill Northey | 143.A | F-415 | 2(a) |
| 318. | Margaret Hill Northey | 143.B | F-415 | 2(a) |
| 319. | Douglas A. & Nancy N. Pringnitz | 144.A | F-415 | 2(a) |
| 320. | Douglas A. & Nancy N. Pringnitz | 144.B | F-415 | 2(a) |
| 321. | Robert Turpin, Mary Seylar, James L. Turpin Family Trust | 145.A | H-74 | 2(b) |
| 322. | Robert Turpin, Mary Seylar, James L. Turpin Family Trust | 145.B | H-74 | 2(b) |
| 323. | Robert & Peggy Turpin | 145.C | H-74 | 2(b) |
| 324. | Arnold Cook Trust, Bruce Cook, Trustee (signed by Van C. Vernon) | 146.A | H-76 | 2(b) |
| 325. | Arnold Cook Trust, Bruce Cook, Trustee (signed by Van C. Vernon) | 146.B | H-76 | 2(b) |
| 326. | Monte R. & Chet H. Hartung and Kristyn S. Shafrath | 147.A | H-76 | 2(b) |
| 327. | Monte R. & Chet H. Hartung and Kristyn S. Shafrath | 147.B | H-76 | 2(b) |
| 328. | Monte R. & Chet H. Hartung and Kristyn S. Shafrath | 147.C | H-76 | 2(b) |
| 329. | Monte R. & Chet H. Hartung and Kristyn S. Shafrath | 147.D | H-76 | 2(b) |
| 330. | Giese family Farms, Inc. | 148 | H-77 | 2(b) |
| 331. | Irel D. and June R. Bruns | 149 | H-77 | 2(b) |
| 332. | James C. & Susan M. Wendelsdorf | 150.A | H-77 | 2(b) |
| 333. | James C. & Susan M. Wendelsdorf | 150.B | H-77 | 4 |
| 334. | Jon & Deborah Brekke | 151.A | H-77 | 2(b) |
| 335. | Jon & Deborah Brekke | 151.B | H-77 | 2(b) |
| 336. | Wireless Network Management Inc., c/o Michael A. Mitchell | 152 | H-77 | 2(b) |
| 337. | Steven J. & Julie A. Ingvall | 153 | H-194 | 2(a) |
| 338. | Jerry Moore | 154 | H-313 | 2(a) |

| | Claimant Name | Claim | Source | Category |
|---|---|---|---|---|
| 339. | George W. Garloff | 155.A | H-135 | 2(a) |
| 340. | George W. Garloff | 155.B | H-321, H-239 | 1 |
| 341. | George W. Garloff | 155.C | H-321, H-239 | 1 |
| 342. | Great Lakes Cooperative | 156.A | | 1 |
| 343. | Great Lakes Cooperative | 156.B | | 1 |
| 344. | Great Lakes Cooperative | 156.C | | 1 |
| 345. | Great Lakes Cooperative | 156.D | | 1 |
| 346. | Great Lakes Cooperative | 156.E | | 1 |
| 347. | Great Lakes Cooperative | 156.F | | 1 |
| 348. | Great Lakes Cooperative | 156.G | | 1 |
| 349. | Great Lakes Cooperative | 156.H | | 1 |
| 350. | Robert Sr. & Robert Jr. Kirschbaum | 157.A | | 1 |
| 351. | Robert Sr. & Robert Jr. Kirschbaum | 157.B | | 1 |
| 352. | E. L. Ballou, c/o David H. Dreryser, Executor of Estate | 158.A | | 1 |
| 353. | E. L. Ballou, c/o David H. Dreryser, Executor of Estate | 158.B | | 1 |
| 354. | Robert L. Browning | 159.A | | 1 |
| 355. | Robert L. Browning | 159.B | | 1 |
| 356. | Robert L. Browning | 159.C | | 1 |
| 357. | Robert L. Browning | 159.D | | 1 |
| 358. | H. & V. Thompson Farms LTD, by Virginia Thompson | 160 | | 1 |
| 359. | Lonnie S. Browning | 161.A | | 1 |
| 360. | Lonnie S. Browning | 161.B | | 1 |